## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**LIONEL HANNA,**
                 **Petitioner,**

**vs.**                                              **5:06cv190/RS/MD**

**UNITED STATES OF AMERICA,**
                 **Respondent.**

_____

### ORDER and
### REPORT AND RECOMMENDATION

This case is before the court upon a petition for writ of habeas corpus and/or petition for permission to appeal filed pursuant to 28 U.S.C. § 1651 (doc. 1) and motion for appointment of counsel with reason(s) for the court to withhold ruling thereto and/or the petitioner's financial status. (Doc. 2).

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Marianna, Florida. He was convicted of controlled substance and weapons charges in the Southern District of Florida in 2000, and sentenced to a term of 180 months imprisonment. (S.D.Fla. Case 0:00cr6032). He filed a motion to vacate pursuant to 28 U.S.C. § 2255 on April 18, 2001, which was denied July 29, 2002. He also indicates that he "without success, more than twice" sought relief in the Eleventh Circuit Court of Appeals, having applied at least once for leave to file a second or successive motion. One such petition was denied on January 3, 2006. (Doc. 1 at 3).

In the instant petition, he alleges that his guilty plea was not voluntary, knowing and intelligent because defense counsel "pushed" him into pleading guilty due to his lack of preparation, that counsel was not acting in his client's best interest, that counsel did not explain the application of the Federal Criminal Rules to his case, and that counsel did not

Dockets.Justia.com

file an appeal of the court's denial of the motion to suppress. Petitioner indicates that he has not previously presented the grounds for relief he currently seeks to raise because he was hampered in learning about the basis for these claims by his lack of legal expertise.

Although petitioner purports to bring the instant motion pursuant to 28 U.S.C. § 1651, the relief he seeks, vacating his sentence in his criminal case and/or granting him permission to seek an out of time appeal, clearly falls within the purview of 28 U.S.C. § 2255. Such a collateral attack on the validity of a federal conviction and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 499 U.S. 979, 111 S. Ct. 1629, 113 L.Ed.2d 725 (1991); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985).

Section 2255 provides in pertinent part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section[1], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at

---

1 Section 2255 authorizes a remedy for a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255; *see also*, *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.")

the time it otherwise should have been raised in the petitioner's trial, appeal,
or first § 2255 motion.

*Wofford*, 177 F.3d 1236, 1244 (11th Cir. 1999); *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited. *Darby*, *supra, (citing Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003)).  In order to bring what is essentially a § 2255 motion through another means, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion.  See, e.g., *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241).  Title 28 U.S.C. § 1651 does not authorize the relief requested by the petitioner.  And, even if he were to bring this action pursuant to section 2241, that section does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal.  See, e.g., *Wofford, supra; Triestman v. United States,* 124 F.3d 361, 376 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  The § 2255 remedy is not rendered "inadequate or ineffective" simply because a prior claim under that section has been denied or disallowed, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), or because petitioner has been denied permission to file a second or successive § 2255 motion, *see Darby,* 405 F.3d at 945; *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford,* 177 F.3d at 1245; *Davenport*, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, see *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).  Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition.  *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2nd Cir. 2001);

*Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).  Petitioner's claims do not meet the criteria set forth in *Wofford,* and he is not entitled to relief.

Accordingly it is ORDERED:

Petitioner's motion for appointment of counsel (doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus under § 1651(a) (doc. 1) be summarily denied.

At Pensacola, Florida this 2nd day of October, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**